Rosa, Monserrate Rafaela, Rafaela Monserrate, Eduardo and Soledad Pérez Casalduc et al., Plaintiffs and Appellees, *v.* Manuel Díaz Mediavilla et al., Defendants and Appellants.

No. 4621. Argued December 16, 1930.—Decided January 20, 1931.

*Francisco Parra Capó, López de Tord & Zayas Pizarro* and *José R. Aponte* for appellants. *E. Pérez Casalduc, pro se,* and *M. García Méndez* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a case where this court on the 18th of July, 1930 rendered its judgment and opinion wherein three judges formed a majority and two dissented. The appellants in this court presented a motion for stay of the mandate and subsequently filed a motion for reconsideration which was later amended several times. On the 5th day of September, 1930, the said appellants appealed from the judgment of this court. The appellees, the original complainants in the lower court, filed motions to dismiss both the appeal and the motion for reconsideration.

The motion to dismiss the appeal was founded upon the fact that some of the defendants and appellants had transferred their title and interest to the Jayuya Development Co. We are quite agreed with the defendants and appellants that under section 69 of the Code of Civil Proceduce the transfer to the Jayuya Development Co. did not cause the action or the appeal to abate. They suggested, nevertheless, that they were willing to amend the title of the case to conform to the substitution of the parties. The appellants themselves must choose the course that should be pursued. Perhaps it would be better either in this court or in the circuit court of appeals that the real parties in interest should appear as prosecuting the appeal. Perhaps the foregoing considerations were totally unnecessary, inasmuch as the appeal had already been allowed by this court and jurisdiction transferred to the circuit court.

The objection to the motion for reconsideration was that

it was filed too late; in other words, after the term of this court had expired. We have no rule governing the time wherein a motion for reconsideration should be filed. Ordinarily we have allowed such motions up to the time that the mandate is retained in this court and perhaps in some cases even thereafter when there is a vacation period of the court. In this particular case, on the 24th day of July, 1930, the appellants asked that the mandate be retained in order to allow them to file a motion for reconsideration. This motion was granted and the mandate retained up to the 12th of August, 1930. On the 9th day of August, 1930, the original motion for reconsideration was filed. We are of the opinion in any event that when this court renders its judgments towards the end of the term, that the losing parties have a resonable time, nevertheless, within which to present a motion for reconsideration. We have given no great attention to the authorities cited by the appellants in this case, because we are thoroughly convinced of the practice of this court and that the appellants in any event were well within a reasonable time in filing their motion for reconsideration.

We come then to the question raised by ourselves as to whether a motion for reconsideration is not tolled by a subsequent appeal to the higher court. It would seem to be evident that where the motion for reconsideration is filed, the lower court retains jurisdiction for the purpose of disposing of it. It was a matter that reached this court before the notice of appeal. We are fairly well convinced besides that a lower court under these considerations does not lose jurisdiction of a motion for reconsideration by the occasion of the appeal. *Sucrs. of Abarca, S. en C.* v. *Central Vannina, Inc., ante,* p. 336. We do not think that either party exhausted the authorities in this regard and we shall give it no further attention, because the motion for reconsideration in any event will be denied.

The final motion for reconsideration discusses eight points of error. With respect to the first, namely, that the acts done by the tutor with the consent of the family council did not constitute a compromise we see no reason to vary or enlarge the discussion contained in our original opinion.

The second point was that this court erred in saying that there was a probability that the property of the minors was worth more than the debts. This statement was by way of argument, but it makes no difference whether our supposition was mistaken or not. The right to transfer the property of the minors did not depend upon the actual truth of this supposition.

The third point is the one about which we have had a real difficulty. We said:

"Assuming in the tutor the power to compromise we hold that such power does not extend to a sale of real estate without a public auction."

Necessarily, if compromises were within the power of the family council without any limit, nothing further was necessary. What, however, we had in mind was that in any case where minors' property was involved a judicial sale was required; that no compromise could be effected by a tutor with the consent of the family council, real estate being involved, unless a judicial sale took place. We need not insist upon this point because the principal basis of our opinion was that there was no compromise as it should be legally understood.

The fourth point is covered by the previous consideration.

With respect to the fifth point we may say that the registrar in a case like the present does not have to indulge in any particular analysis other than to determine whether the transaction concurred in by the family council, and named a compromise, was in fact such compromise.

The sixth point with respect to whether the appellants are third persons or not was sufficiently covered by our

original opinion and we shall discuss it to no great extent. We are quite satisfied that if this attempted alienation was in point of fact not a compromise, it would make no difference that the family council had so characterized it.

The appellants are quite right in saying that we did not discuss the matter of prescription, namely, whether they had a just title and the statutory period of ten or twenty years had elapsed. At the time of writing the opinion we were quite satisfied that the alienation was absolutely null and void in accordance with the case of *Longpré* v. *Díaz*, 237 U. S. 512, 59 L. ed. 1080, and other cases cited in the opinion. The nature of the nullity was such that no just or colorable title could be founded on the supposed transfer. The case of a person relying on the registry would if anything be stronger than the rights of the appellants *in pais*. Outside of the registry, where we apprehend a case of just title must be decided, the appellants were bound to know that no just title could be founded on this alienation of children's property. Indeed it is difficult to found a case of just title where minors are involved.

We have had some doubts whether the appellants, similarly to the Federal Land Bank of Baltimore, ought not to have been relieved from the payment of costs. However, the doubt is not so great as to cause us to say that minors against whom a case is so strenuously defended have not the privilege of being awarded costs. In other words, we did not and do not care to intervene in the discretion of the court below in the matter.

The motion to dismiss the appeal will be denied. Likewise the motion to overrule the motion for reconsideration. The motion for reconsideration itself will be denied.

Mr. Justice Aldrey and Mr. Justice Texidor dissented as to the denial of the motion for rehearing. They concur as to other points covered by the opinion and decision in this case.